```
UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF INDIANA
         SOUTH BEND DIVISION
```

| | | |
|---|---|---|
| JAMES S. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 3:16-cv-41-MGG |
| | ) | |
| POWER DISTRIBUTING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Plaintiff filed his complaint in this personal injury case on January 28, 2016, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Doc. No. 1 at 1–2. The complaint alleges, among other things, that "[o]n information and belief, the defendant Power Distributing, LLC is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois." Doc. No. 1 at 1, ¶ 2.

However, Plaintiff's jurisdictional statement as to Power Distributing is inadequate because it fails to properly allege Power Distributing's citizenship. The state in which a limited liability company ("LLC") is organized is immaterial for purposes of determining diversity jurisdiction; an LLC's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity of each member of Power Distributing, LLC, and such member's citizenship. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see also generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).

Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or an LLC, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). And residency of an individual is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co.*, 101 F.3d at 58-59 (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Here, Speedway LLC provided the Court with the necessary information regarding the citizenship of its members. Neither Plaintiff nor Power Distributing has done the same for Power Distributing. Accordingly, Defendant Power Distributing, LLC, is **ORDERED** to file a jurisdictional statement to supplement the record by **September 26, 2016**, that properly alleges the citizenship of Defendant Power Distributing.

In addition, Plaintiff has merely alleged that he "is a resident of St. Joseph County, Indiana." Doc. No. 1 at 1, ¶ 1. As discussed above, residence is insufficient to establish the citizenship of an individual. Therefore, the Court also **ORDERS** Plaintiff to file a jurisdictional statement to supplement the record by **September 26, 2016**, that properly alleges his own domicile, and therefore citizenship.

**SO ORDERED.**

Dated this 12th day of September, 2016.

>S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge